UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
BENNY UMBRA, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST, DENISE
RICHARDSON, and THOMAS F. CORBETT,
as Trustees and Fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust
Fund, the Local 282 Annuity Trust Fund, the
Local 282 Job Training Trust Fund, and the Local
282 Vacation and Sick Leave Trust Fund,

       Plaintiffs,

 -against-

NORTH STAR CONCRETE, INC.,

       Defendant.
------------------------------------------------------------X

**ORDER**
14-cv-4430 (SJF)(AYS)

FILED
CLERK

1:05 pm, Jan 24, 2017

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**FEUERSTEIN, District Judge:**

  Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Benny Umbra, Joseph A. Ferrara, Sr., Frank H. Finkel, Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and Fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, "Plaintiffs" or the "Funds") commenced this action against Defendant North Star Concrete, Inc. ("Defendant" or "North Star") seeking injunctive relief and monetary damages pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141 *et seq.* *See* Docket Entry ("DE") [1]. On June 7, 2016, Plaintiffs filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking an award of damages in the amount of sixty-two

1

thousand, eight hundred and fifty-six dollars and eighty-nine cents ($62,856.89), comprised of: (i) twelve thousand, one hundred and seventy-six dollars and ten cents ($12,176.10) in unpaid contributions for the period of October 30, 2010 through October 28, 2011 (the "2012 Audit Claim"); (ii) eleven thousand, six hundred and forty-one dollars and fifty-three cents ($11,641.53) in interest, as well as *per diem* interest until the date on which judgment is entered, related to the 2012 Audit Claim; (iii) eleven thousand, six hundred and forty-one dollars and fifty-three cents ($11,641.53) in liquidated damages related to the 2012 Audit Claim; (iv) eight hundred and eighty-six dollars ($886.00) in audit fees; (v) two hundred and forty-four dollars and four cents ($244.04) in self-reported but unpaid contributions for the month of July 2011 (the "July 2011 Claim"); (vi) two hundred and four dollars and twelve cents ($204.12) in interest, as well as *per diem* interest until the date on which judgment is entered, related to the July 2011 Claim; (vii) two hundred and four dollars and twelve cents ($204.12) in liquidated damages related to the July 2011 Claim; and (viii) twenty-five thousand, eight hundred and fifty-nine dollars and forty-five cents ($25,859.45) in attorneys' fees and costs. DE [46]. Presently before the Court is the December 28, 2016 Report and Recommendation of Magistrate Judge Anne Y. Shields recommending that Plaintiffs' motion for summary judgment be granted in part and denied in part (the "Report"). DE [65]. For the reasons set forth herein, the Court adopts Magistrate Judge Shields' Report in its entirety.

Pursuant to Fed. R. Civ. P. 72, a magistrate judge may conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge. *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Where there are no specific written objections to a magistrate judge's report and recommendation, the district court may accept the findings contained therein as long as the

factual and legal bases supporting the findings are not clearly erroneous. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Therefore, to accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district court need only be satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007); *Baptichon v. Nevada State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004).

No objections to Magistrate Judge Shields' December 28, 2016 Report have been filed, and the deadline to object has expired. *See* 28 U.S.C. § 636(b)(1) (requiring that objections be filed within fourteen (14) days of being served with a copy of the report and recommendation); Fed. R. Civ. P. 72(b)(2). Upon review, the Court is satisfied that the Report is not facially erroneous. Therefore, Magistrate Judge Shields' Report is adopted in its entirety, and Plaintiffs' motion for summary judgment is granted in part and denied in part. Specifically, Plaintiffs' motion is: (i) granted with respect to the Funds' July 2011 Claim; (ii) denied with respect to the Funds' 2012 Audit Claim; and (iii) denied without prejudice with respect to the Funds' application for attorneys' fees and costs.

Dated: Central Islip, New York
January 24, 2017

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge